# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) ) ) ) ) | |
| | ) | Case No. 1:05CR00030 |
| v. | ) ) ) | **OPINION** |
| **DEBBIE MARIE SINGLETON**, | ) ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Debbie Marie Singleton, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2008). The government has filed a Motion to Dismiss, and the defendant has responded, making the matter ripe for disposition. Upon review of the record, I find that the defendant's 2255 motion must be denied; the government's motion is thus granted.

I

Defendant Debbie Marie Singleton was indicted in this district on April 19, 2005. The multi-defendant, single-count Indictment charged that Singleton and

others participated in a conspiracy to possess and distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of U.S.C.A. §§ 846 (West 1999) and 841(b)(1)(A) (West 1999 & Supp. 2008). Singleton pleaded not guilty and was tried before a jury with codefendant and husband, Jonathan Craig Singleton, on January 4, 5, and 6, 2006. The jury found both defendants guilty.

Prior to sentencing, Singleton's attorney filed a sentencing memorandum disputing various portions of the Presentence Investigative Report ("PSR"), regarding defendant's prior criminal record and also arguing that Singleton should receive a downward departure from the United States Sentencing Guidelines for a variety of reasons. I conducted a sentencing hearing on May 16, 2006, and imposed a term of 292 months imprisonment.

Singleton appealed. On July 9, 2007, the United States Court of Appeals for the Fourth Circuit affirmed the judgment against Singleton and her codefendant. *United States v. Singleton*, 232 F. App'x 313 (4th Cir.) (unpublished), *cert. denied*, 128 S.Ct. 635 (2007).

Singleton then timely filed a § 2255 motion and accompanying Memorandum of Facts. In accord with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), I liberally construe Singleton's motion and memorandum as raising the following grounds for relief:

1. That she should have received a lower sentence because she had a mitigating role in the crime and was less culpable than her co-defendant;[1]

2. That her prior criminal history was inaccurately calculated; and

3. That her counsel was ineffective for not raising grounds one and two, and for not requesting an evidentiary hearing to assess the credibility of the evidence and information relating to her sentence.[2]

I consider each ground separately.

II

To state a claim for relief under § 2255, a federal defendant must show that one of the following occurred: (1) his or her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such a sentence"; (3) "the sentence was in excess of the maximum authorized

---

[1] Singleton makes this argument in a variety of fashions, all of which were rejected on direct appeal. First, she argues that her sentence was calculated incorrectly under the sentencing guidelines because she did not receive an adjustment for what she characterizes as her minor role in the crime. Second, she argues that she was less culpable than her codefendant and thus should have received a proportionally lower sentence.

[2] Defendant's motion alleges that her counsel was ineffective for holding an evidentiary hearing, rather than for failing to hold an evidentiary hearing. In contrast, defendant's Memorandum of Facts argues that her counsel should have requested such a hearing. Given that no evidentiary hearing was held, I interpret Singleton's conflicting statements as a claim that her counsel was ineffective for failing to request such a hearing.

- 3 -

by law"; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C.A. § 2255(a). In a § 2255 motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A court may rule on the basis of the filings if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C.A. § 2255(b).

### A. MITIGATION CLAIMS.

Once an issue has been fully considered and decided by the court of appeals, a defendant cannot re-litigate that issue before the district court under § 2255. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Singleton argues that her sentence is unlawful because she played a minor or minimal role in the crime pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.2, and because of the presence of other mitigating factors. The defendant contends that she was less culpable than her codefendant and therefore is entitled to a lower sentence pursuant to U.S.S.G. § 3B1.2. The court of appeals has already reviewed this argument and rejected it. *Singleton*, 232 F. App'x at 313. The court affirmed my finding that Singleton was not a minor participant in the underlying drug crime and thus not eligible for the related sentence adjustment. *Id.* at 317. The Fourth Circuit's opinion noted that I found Singleton to be "involved in this drug

- 4 -

conspiracy throughout at a very high degree," and that the sentence I gave was at the bottom of the sentencing guideline range available. *Id*. at 316-17. The court further held that I did not err in failing to grant a reduction for other mitigating factors, stating that "the district court appropriately calculated the advisory guideline range and considered it in conjunction with other relevant factors under the Guidelines and 18 U.S.C. § 3553(a)(2000)." *Id*. at 317. Thus, defendant's first ground for relief is denied because the ground has been raised and rejected on direct appeal and cannot be re-litigated.

### B. PRIOR CRIMINAL HISTORY.

Singleton's second distinct ground for relief is that her criminal history level was miscalculated prior to sentencing. A collateral attack under § 2255 may not substitute for an appeal. Claims regarding trial errors that could have been, but were not raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice resulting from such errors, or demonstrates that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).

However, the government must generally raise procedural default to vindicate its interest in the finality of criminal judgments. *United States v. Metzger*, 3 F.3d 756,

757-58 (4th Cir. 1993) (reviewing issue not raised on direct appeal on merits after government failed to argue procedural default). When the government fails to raise procedural default, courts may raise procedural default sua sponte if the interests of "'judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice' militate against . . . addressing on the merits the [potentially defaulted issue]." *Id.* at 758 (quoting *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992)). *See also United States v. Linder*, 552 F.3d 391, 397 n.2 (4th Cir. 2009) (applying procedural default in spite of government failure to raise default because of "unique circumstances" of direct appeal in spite of appeal waiver). In this case, the government did not raise procedural default.[3] Because there are no such circumstances involved here, I consider defendant's challenges to her criminal history calculation.

Defendant mounts a variety of challenges to her sentence, contesting the standards used to calculate criminal points and arguing that her prior convictions were different than stated in her PSR.

---

[3] The government construed defendant's motion as raising solely ineffective assistance of counsel claims, likely because ineffective assistance claims are the only arguments Singleton makes in her Memorandum of Facts. However, Singleton raises the challenges discussed in this section in her actual motion. Pursuant to *Haines*, 404 U.S. at 520-521, I construe Singleton's motion liberally and address all of the grounds she raises.

First, Singleton argues that certain prior convictions were assigned higher criminal history points than is appropriate pursuant to U.S.S.G. § 4A1.1, because those convictions were for terms of less than one year and one month each.[4] The applicable sentencing guidelines, U.S.S.G. §§ 4A1.1(b) and (c), respectively, add criminal history points for prior sentences between sixty days and one year plus one month in length, as well as for sentences of less than sixty days. Thus, Singleton's reliance on one year and one month as the benchmark for criminal history calculations is in error and the contested calculations of points in the PSR are correct.

Second, Singleton argues that a two-day sentence imposed for failure to pay a court fine for possession of marijuana should not have been counted for criminal history points. Defendant appears to be reraising an argument rejected at her sentencing claiming that jail time imposed in the alternative of fines does not count

---

[4] Singleton appears to claim that criminal history points should only be calculated for jail time served, rather than the sentence imposed. She in turn argues that some of her sentences were suspended and then reinstated. "[C]riminal history points are based on the sentence pronounced, not the length of time actually served." U.S.S.G. § 4A1.2 cmt. n.2 (citing U.S.S.G. § § 4A1.2(b)(1) and (2)). However, "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended" and not reinstated. U.S.S.G. § 4A1.2(b)(2); *see United States v. Dixon*, 230 F.3d 109, 111-12 (4th Cir. 2000). Thus, criminal history points should have been and were calculated for the sentence imposed that was not suspended, plus that which was reinstated. As noted in the objections and responses portion of the PSR, portions of Singleton's criminal sentences were suspended and then reinstated. Singleton concedes this in her motion. Thus, Singleton has no basis to challenge the criminal history calculation as inappropriately considering suspended sentences.

for the purposes of calculating criminal history points. In fact, criminal time imposed in the in the alternative "is treated as a non-imprisonment sentence" for categories of crime including Singleton's offense. U.S.S.G. §§ 4A1.2 cmt. n.4, 4A1.2(c). The PSR assigned one point total for both the fine and the two-day criminal sentence imposed afterward. This is consistent with U.S.S.G. §§ 4A1.1(c) and 4A1.2(a)(1), and thus Singleton's claim fails.

Third, defendant argues that non-felony offenses do not provide criminal history points. In fact, U.S.S.G. § 4A1.2(c)(1) excepts only certain categories of non-felony offenses, such as minor traffic violations and fish and game offenses. Singleton's non-felony offenses do not fall into an excepted category, and thus count as points towards her criminal history calculation.

Finally, Singleton argues that her commitment to the California Rehabilitation Center for possession of methamphetamine should not have counted towards her

criminal history because it was to be expunged from her record.[5] Singleton does not state whether she sought and received an actual expungement under applicable California law. A sentence that may potentially be expunged under state law, but has not actually been expunged, is properly counted for criminal history points. *United States v. Bagheri*, 999 F.2d 80, 85-6 (4th Cir. 1993) (holding in the alternative that if petitioner's state conviction were expungeable, but had not been actually expunged, it could be counted in calculating criminal history points).

Assuming that Singleton has actually taken the steps to expunge her conviction under the relevant California state law governing narcotics treatment programs, her claim still fails as a matter of law. Generally, "[s]entences for expunged convictions are not counted . . ." in calculating criminal history points. U.S.S.G. § 4A1.2(j). However, "a state's use of the term 'expunge' is not controlling in determining

---

[5] The PSR assigned three points for the time imposed in the California Rehabilitation Center. Diversionary dispositions after a finding of guilt are capped at one criminal history point under the sentencing guidelines. U.S.S.G. § 4(A)1.2(f). Singleton's commitment in the California Rehabilitation Center was a diversionary program as is evident from the face of the PSR ("[d]rug diversion program granted"), and thus should only have been assigned one point. However, the guideline range applicable to Singleton would not have been different even if this commitment were treated as a diversionary disposition, because Singleton's criminal history points would have been ten, and she thus would have still had a criminal history category of V. She already received the lowest sentence in that range. Moreover, I based her sentence in part on behavior external to her criminal history, including her level of involvement in the criminal conspiracy and the extraordinary amount of methamphetamine involved in the conspiracy. Thus, the difference of two criminal history points would not have changed her sentence.

Case 1:05-cr-00030-JPJ-mfu   Document 332   Filed 06/11/09   Page 9 of 16   Pageid#: 1490

whether a conviction is properly included in calculating a defendant's criminal history category." *United States v. Hines*, 133 F.3d 1360, 1363 (10th Cir. 1998). "When convictions are set aside for reasons other than innocence or errors of law, such as to restore civil rights or remove the stigma of a criminal conviction, those convictions are counted for criminal history purposes." *Id.* at 1363 (quoting *United States v. Cox*, 83 F.3d 336, 340(10th Cir. 1996)). *See Rodriguez v. United States*, Nos. 1:07CV942, 1:05CR290-1, 2008 WL 2037301, at *2 (M.D. N.C. May 9, 2008) (considering whether conviction at issue was expunged due to constitutionality, error of law, innocence, for civil rights or to remove stigma). An expungement of Singleton's sentence of commitment to the California Rehabilitation Center would not have been pursuant to "constitutional invalidity, innocence, or errors of law."[6] Rather, as evidenced from the applicable California statutes, the dismissal or expungement is predicated on successful treatment for narcotics addiction. Cal. Welf.

---

[6] Singleton was committed to the California Rehabilitation Center pursuant to Cal. Welf. & Inst. Code § 3051. Cal. Welf. & Inst. Code § 3200(b) allows for expungement or dismissal of charges related to the California Rehabilitation Center. It has the same force and effect as California state law's other dismissal provision, Cal. Penal Code § 1203.4. *See* Cal. Welf. & Inst. Code § 3200(b).

The Ninth Circuit has held that Cal. Penal Code § 1203.4 does not create an expungement within the meaning of the federal guidelines. *United States v. Hayden*, 255 F.3d 768, 770-73 (9th Cir. 2001). Thus, using the Ninth Circuit standard, Cal. Welf. & Inst. Code § 3200(b) also fails to create an expungement for federal sentencing guidelines purposes. *But cf United States v. Hidalgo*, 932 F.2d 805, 806-07 (9th Cir. 1991) (holding conviction expunged for federal guidelines purposes under youthful offender act).

& Inst. Code § 3200(b). Thus, Singleton's final challenge to her PSR fails and her second ground is denied.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL.

Defendant argues that her counsel was ineffective for failing to raise a variety of challenges to the PSR at the trial level and on appeal. To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, Singleton must meet a two-prong standard. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, she must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. In making such a case, a defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. Second, she must show prejudice, i.e. a "reasonable probability" that but for counsel's errors the outcome would have been different. *Id.* at 694-95.

The *Strickland* performance and prejudice test is applicable to counsel on appeal as well. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). With regard to appellate counsel, there is no constitutional duty to raise on appeal every non-frivolous issue requested by defendant "if counsel, as a matter of professional

judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Singleton argues that her counsel was ineffective for failing to raise the following claims:

    A.    That she should receive a penalty reduction for a mitigating role in the underlying drug crime pursuant to U.S.S.G. §§ 2D1.1 and 3B1.2;

    B.    That her criminal history calculation was incorrect for assigningcriminal history points for sentences of less than one year and one month and for a sentence that involved a fine;

    C.    That defendant's criminal history report was incorrect for assigning points for non-felony convictions;

    D.    That defendant's criminal history report was incorrect for assigning points for her allegedly expunged conviction from the California Rehabilitation Center; and

She also claims (E) that her lawyer failed to obtain an evidentiary hearing on the matters listed above.

First, Singleton cannot show that her counsel was ineffective for failing to raise arguments regarding claims A and B above because the record clearly shows that her counsel did raise those arguments. Singleton's attorney did in fact argue that she should receive a downward adjustment from the sentencing guidelines range for having played a minor role in the crime. Her counsel challenged the PSR, claiming

that some of Singleton's prior sentences were suspended and that defendant should not have received criminal points for the conviction which carried a fine. Thus, with regard to those claims Singleton cannot show unreasonable performance by her counsel because, in fact, her counsel performed the way she claimed he should have performed.

Having concluded that Singleton's attorney did not act unreasonably, I need not reach the second ground of the *Strickland* test. However, even if Singleton's counsel did act unreasonably, Singleton cannot show prejudice to her case because I considered and rejected her arguments regarding her alleged mitigating role and criminal history calculation. I found that the defendant was involved in the drug conspiracy to an extensive degree and thus was not entitled to a downward departure from the applicable sentencing guideline range. I also concluded that defendant had failed to demonstrate that the PSR was unreliable. These grounds were raised on appeal and the Fourth Circuit affirmed the sentence. *Singleton*, 232 F. App'x at 313.

Second, Singleton's counsel was not unreasonable for not raising the arguments that non-felony convictions are not cognizable for criminal history points and that a California conviction was to be expunged (Claims C and D).[7] As

---

[7] Defense counsel also raised an argument in this court regarding the sentence to the California Rehabilitation Center, which should have been treated as a diversionary disposition. *See supra* text accompanying note 7. Even if defendant's counsel were

- 13 -

Case 1:05-cr-00030-JPJ-mfu   Document 332   Filed 06/11/09   Page 13 of 16   Pageid#: 1494

discussed, those claims fail as a matter of law. The types of non-felony convictions challenged by Singleton are properly counted as part of the criminal history calculation. II.B., *supra*. Moreover, assuming that Singleton's commitment to the California Rehabilitation Center was expunged under applicable California law, her commitment would not have been expunged for the purposes of the sentencing guidelines. *Id.* Thus, even had counsel raised arguments C and D, there is no reasonable probability that such challenges would have changed defendant's sentence because counsel's arguments would have been rejected. Singleton did not, then, suffer any prejudice for counsel's failure to argue claims C and D.

Singleton further argues that her counsel should have raised claims B, C and D on appeal. However, claims B, C and D misunderstand the applicable sentencing guidelines. II.B. *supra*. As noted, appellate counsel has no constitutional duty to raise every non-frivolous issue requested by defendant on appeal. *Jones*, 463 U.S. at 745 (1983). Thus, Singleton's counsel had no obligation to raise legally defective grounds, particularly when he was already raising other arguments on appeal.

---

unreasonable for failing to appeal the assignment of points based on this commitment, there was no ineffective assistance of counsel because Singleton cannot demonstrate prejudice. As discussed, there is not a reasonable probability that Singleton's sentence would have been different if her commitment to the California Rehabilitation Center were treated as a diversionary disposition. I gave Singleton a sentence at the bottom of the advisory guidelines range, which I based on factors other than her criminal history.

Singleton's counsel did not act unreasonably for failing to appeal claims B, C and D. Therefore, Singleton cannot show unreasonable performance or prejudice.

Finally, Singleton's argument, claim E, that counsel should have requested an evidentiary hearing challenging the PSR and raising claims A-D does not establish ineffective assistance of counsel. As noted above, claims B, C and D fail as a matter of law and thus counsel was not unreasonable for failing to request an evidentiary hearing regarding them. Given that the arguments are legally defective, Singleton also suffered no prejudice. With regard to counsel's decision not to request an evidentiary hearing regarding the PSR and claim A, "[i]n evaluating trial counsel's performance, we must be highly deferential to counsel's strategic decisions . . . ." *McCarver v. Lee*, 221 F.3d 583, 594 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 689). Singleton's counsel chose to raise both the mitigation arguments in claim A and challenges to the PSR through a memorandum. He referenced the memorandum at the sentencing hearing and cross-examined a government witness. Thus, he placed those issues firmly before me. I considered them and found that Singleton was not entitled to a mitigating role or other downward adjustment in her sentence. Defendant's counsel's actions at sentencing reflect a strategy to which I must defer.

Thus, Singleton did not receive ineffective assistance of counsel and her third ground for relief is denied.

III.

For the reasons stated, a separate Final Order will be entered herewith granting the government's Motion to Dismiss and denying the § 2255 motion.

> ENTER: June 11, 2009
>
> /s/ JAMES P. JONES
> Chief United States District Judge

- 16 -

Case 1:05-cr-00030-JPJ-mfu   Document 332   Filed 06/11/09   Page 16 of 16   Pageid#: 1497