# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:05CR00030-003 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DEBBIE MARIE SINGLETON,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Kathryn Rumsey, Assistant United States Attorney, Charlottesville, Virginia, for United States; Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed a motion by counsel seeking compassionate release from her sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The defendant's motion has been fully briefed and is ripe for decision.

I.

Singleton was sentenced by this court on May 16, 2006, after being found guilty by a jury of conspiring to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). She was determined to have a sentencing guideline range of 292 months to 365 months, based on a total offense level of 36 and a criminal history category of V. The court sentenced her to 292 months imprisonment. On appeal, the judgment was affirmed, *United States v. Singleton*, 232 F. App'x 313 (4th Cir. ) (unpublished). A later motion by the defendant under 28 U.S.C. § 2255 was denied. *United States v. Singleton*, 624 F. Supp. 2d 520 (W.D. Va.), *appeal dismissed,* 348 F. App'x 887 (4th Cir. 2009) (unpublished). Her sentence was reduced on February 12, 2015, to 235 months imprisonment pursuant to retroactive Amendment 782 to the sentencing guidelines. Her present projected release date is December 15, 2021.

Singleton is now 55 years old. She has been diagnosed and treated for asthma, as well as gynecological and urological issues, while incarcerated. Mot. Compassionate Release Ex. 4, Bureau of Prisons Health Services Clinical Encounter 37, ECF No. 412. Singleton is incarcerated at FCI Dublin, in Dublin, California. FCI Dublin has no current coronavirus cases, and one staff member has recovered as of June 19, 2020. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited June 19, 2020).

Singleton has submitted multiple written requests to the Bureau of Prisons to be released from prison due to the coronavirus pandemic. Her first request due to "special extraordinary circumstances under a 'compassionate released [sic]'" was on March 24, 2020, and the prison response on March 31, 2020, was that it had not received "updated guidance." Mot. Ex. 1, ECF No. 408-1. Her second written request was for home confinement on April 8, 2020, which was denied on April 29, 2020, because she was "not eligible." *Id.* She made a third request for compassionate release due to Covid-19 on June 2, 2020, and the Warden denied her request in writing on June 10, 2020. Suppl. Resp. Ex. 1, ECF No. 416-1.

In its response to the court filed June 1, 2020, the United States argued that Singleton had not exhausted her administrative remedies. The government also contended that the Bureau of Prisons has adopted adequate policies to protect inmates and staff from infection. The government noted Singleton's underlying health conditions, but it concluded that these health concerns do not increase her risks if she contracts the coronavirus because she does not have moderate or severe asthma. The government also argued that she is not a good candidate for compassionate release due to her extensive criminal record and her recidivism risk based on her past violations of probation. Singleton responded that she had exhausted her administrative remedies — even though the Warden had denied each of her requests for release — and she reiterated her increased health risks if she

becomes infected. Singleton's supplemental response asked the court to consider her request for relief even though the Warden denied relief within the 30-day window. The government filed a supplemental response, in which it refused to waive the exhaustion requirement and insisted that Singleton must complete the administrative appeal process before the court can consider her request.

II.

The court may grant a § 3582(c)(1)(A) motion by an inmate "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). While exhaustion of administrative remedies is not a jurisdictional issue,[1] it is a mandatory condition under the statute, that when "properly invoked . . . must be enforced." *Hamer v. Neighborhood Hous. Servs. of Chi.,* 138 S. Ct. 13, 17 (2017).

---

[1] In considering § 3582(c)(2), a separate subsection setting forth another exception to the rule that a district court may not modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to a motion for reduction in sentence does not raise a jurisdictional issue. *United States v. May,* 855 F.3d 271, 274–75 (4th Cir. 2017) (holding that "[t]he Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as such") (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 515–16 (2006)). I find this reasoning persuasive as to the sister exception contained in § 3582(c)(1)(A).

The regulations adopted by the Bureau of Prisons provide that when an inmate's request under § 3582(c)(1)(A) is denied by the warden, the inmate may appeal the denial through the Administrative Remedy Procedure (ARP). 28 C.F.R. § 571.63(a) (2018). The ARP provides for an appeal by the inmate within 20 days to the appropriate Regional Director, and from there within 30 days to the General Counsel of the Bureau of Prisons. *Id*. at § 542.15(a). A denial by the General Counsel constitutes a final administrative decision. *Id.* at § 571.63(b).

I have held that the proper interpretation of § 3582(c)(1)(A) is to excuse full exhaustion of administrative remedies "only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request." *United States v. Nance*, 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020) (citing *United States v. Bolino*, No. 06-cr-0806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020)). In other words, when a warden denies an inmate's request within 30 days, the inmate needs "to exhaust [her] administrative remedies to *appeal* the warden's denial before filing." *United States v. Brummett*, No. 6:07-103-DCR, 2020 WL 1492763, at *1 (E.D. Ky. Mar. 27, 2020).

I find requiring full exhaustion unless the warden does not respond within the time limit imposed more likely corresponds with congressional intent. It balances the advantage of prompt consideration of an inmate request with the equal advantage to the inmate of permitting further review of the warden's denial by

officials who are likely to have a broader view of the policies involved. If the interpretation were otherwise, there would be no reason for the statute's express condition of full exhaustion of administrative remedies. Congress would merely have provided that the inmate's motion can be filed any time after 30 days from her submission to the warden. If denied or not acted upon, the inmate could then file her motion in the sentencing court or if she felt she might fare better administratively, wait for the warden's response and pursue her administrative appeals, with the option at any time of abandoning the administrative process and filing her motion.

I agree with the government that Singleton must complete the administrative appeal process before I may consider her compassionate release request.

II.

For the reasons stated, it is **ORDERED** that the defendant's motion, ECF No. 408, is DENIED.

ENTER: June 23, 2020

/s/ JAMES P. JONES
United States District Judge